*Southern District*

**GEORGE L. BONNEY d-b-a
DELHAVEN GARDENS & NURSERY**

**v.**

**ANDREW E. SIMONI d-b-a
SIMONI'S FLOWERS**

and

**NORFOLK COUNTY TRUST CO., TRUSTEE**

(June 23, 1958)

*Present*: Nash, P. J., Cox and Sgarzi, JJ.

Case tried to MURPHY, SP. J., in the District Court of Northern Norfolk. No. 38741.

*Nash, P. J.* Contract in two counts to recover $1,456.56. The first count is on a check on which payment was stopped, the second for balance due for merchandise sold and delivered. The answer is a general denial. The court under the caption "Special Findings" in the report found that there are three brothers, Andrew, Albert and Robert Simoni, conducting a flower shop in Norwood. Andrew by telephone ordered from the plaintiff, who did not know him, a number of azalea plants to be delivered to the defendant in Virginia. Robert Simoni went to Virginia in the Simoni truck and the plants were *delivered to him in a good salable condition.* "Robert 'knocked off' some dirt and used a cleaver on parts of the roots." This was done in order to make more room in the truck. Then Robert gave the plaintiff a check signed by Andrew which the plaintiff filled out in

the sum of $1,456.56. A deposit of $450.00 had been made and this was the balance due. Above Andrew's signature on the check were the words "Simoni Brothers". When the plants arrived in Norwood they were in poor condition and of no value and Andrew stopped payment on the check.

■ *The plaintiff is not responsible for whatever may have happened to the plants in transit.*

■ Andrew asserts the contract was with Simoni Florists, Inc., a corporation. The corporation had no checking account and the plaintiff did not know of its existence. The three Simoni brothers were officers of the corporation. The court also found "Since the purchase and sale were completed finally in Virginia, and because the check signed by Andrew Simoni, was given to the plaintiff in Virginia, I find that Andrew Simoni assumed the responsibility for payment, and therefore I find against him".

The plaintiff seasonably filed six and the defendant fifteen requests for rulings. All of the plaintiff's requests were allowed. The first two of the defendant's were denied, the others, that is, three to fifteen inclusive were "allowed as correct statements of law, but see special findings". The court found for the plaintiff on count 1 for $1,456.56.

The defendant claiming to be aggrieved by the allowance of the plaintiff's requests for rulings numbered one to four inclusive, the denial of his requests one and two and the court's failure to apply the substance of the

defendant's requests three to fifteen inclusive brings the matter here for determination. We perceive no error. There was sufficient evidence to support the findings of the court. This being so the court properly denied the defendant's requests for rulings numbered one and two.

The remaining defendant's requests numbered three to fifteen even if correct as statements of law were not applicable to the facts as found by the judge in his memorandum captioned "Special Findings". *Warfield v. Adams*, 215 Mass. 506, 519, 520; *Berenson v. French*, 262 Mass. 247, 254; *Hews v. Troiani*, 278 Mass. 224, 229.

The court found that the contract was completed in Virginia with the delivery of the plants in good condition to Robert Simoni who had authority from his brother Andrew to fill in the amount due on the check in payment of the plants. Whatever happened thereafter to the plants was the responsibility of the defendant and he must show failure of consideration in order to avoid payment. This the court found he did not establish.

In view of the court's findings of fact the plaintiff's requests for rulings numbered one to four were properly allowed. There is no prejudicial error and the report is dismissed.

John C. Carr, Jr., of Boston, for the plaintiff.

Alvin Jack Sims, for the defendant.